UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.                                    No. CR-98-060-FVS

                                                ORDER

LOUIS CRAIG JOHNSON,

                    Defendant.

          **THIS MATTER** is before the Court on Mr. Johnson's *pro se* Motion
to Reduce or Modify Sentence, Ct. Rec. 71.

          In his motion for relief, the defendant argues that the Court
should reduce or modify his sentence for several reasons.  These
reasons include (1) that he is prepared and ready to reenter society;
(2) family circumstances that need to be dealt with; (3) a medical
condition that requires treatment; and (4) family is ready and
willing to support him in his return.  These reasons do not form
sufficient grounds for the relief which the defendant seeks.

          The defendant's motion for relief could be read as a petition
for relief under 28 U.S.C. § 2255.  The defendant previously filed a
§ 2255 motion, Ct. Rec. 47, and the Court denied the motion, Ct. Rec.
51.  The Court is without jurisdiction to hear the petition that the
defendant now brings, because "[b]efore a second or successive
application permitted by this section is filed in the district court,
the applicant shall move in the appropriate court of appeals for an

ORDER – 1

1  order authorizing the district court to consider the application."

2  28 U.S.C. § 2255(b)(3)(A).  The Ninth Circuit Court of Appeals

3  previously denied the defendant's request to file a successive § 2255

4  motion, Ct. Rec. 52.  Therefore, if the Court construes the

5  defendant's motion now before the Court as a petition for relief

6  under 28 U.S.C. § 2255, the Court cannot consider the request for

7  relief.

8       As to the defendant's request for relief, the proper forum for

9  making such a request is the Bureau of Prisons.  The Bureau of

10  Prisons is the entity responsible for the administration of the

11  defendant's sentence.  *United States v. Wilson*, 503 U.S. 329, 335,

12  112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992).  It is within the

13  discretion of the Bureau of Prisons, not this Court, to determine the

14  proper time for a prisoner's release, including temporary release.

15  See 18 U.S.C. § 3622 (stating that "[t]he Bureau of Prisons may

16  release a prisoner from the place of his imprisonment for a limited

17  period of time" if release comports with the reasons set forth in the

18  statute).  The Court lacks the authority to address the issue

19  presented in the defendant's motion.  Accordingly,

20       **IT IS HEREBY ORDERED** that the defendant's Motion to Reduce or

21  Modify Sentence, **Ct. Rec. 71**, is **DENIED**.

22       **IT IS SO ORDERED.**  The District Court Executive is hereby

23  directed to enter this order and furnish a copy to the **defendant**.

24       **DATED** this __25th__ day of July, 2005.

25

26                    s/ Fred Van Sickle
                      Fred Van Sickle
                United States District Judge

ORDER – 2